### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT OWENSBORO

**JAMES S. SELLS, Jr.**                                                                                          **PLAINTIFF**

**v.**                                                                          **CIVIL ACTION NO. 4:08-CV-P65-M**

**DARWIN DENNISON et al.**                                                                       **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff, James S. Sells, Jr., filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). On initial screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Court dismissed the action. Less than ten days later, Plaintiff filed a motion entitled "Motion of Response," which the Court interprets to be a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). For the following reasons, that motion will be denied.

Rule 59(e) allows an aggrieved party to file a motion to alter or amend a judgment within ten days of its entry. "While the Rule itself provides no standard for when a district court may grant such a motion, courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). "Because of the interests in finality and conservation of judicial resources, Rule 59(e) motions should be granted sparingly." *Rouse v. Nielsen*, 851 F. Supp. 717, 734 (D.S.C. 1994). Rule 59(e) motions "are not at the disposal of an unsuccessful party to 'rehash' the same arguments and facts previously presented." *Keyes v. Nat'l R.R. Passenger Corp.*, 766 F. Supp. 277, 280 (E.D. Pa. 1991). Nor is its purpose to submit evidence which should have been previously submitted. *Boryan v. United*

*States*, 884 F.2d 767, 771 (4th Cir. 1989).

With regard to his claims against Defendants Woolsey, Wilson, and unnamed medical personnel, Plaintiff argues that Fed. R. Civ. P. 8 only requires a short and plain statement of the claim showing entitlement to relief and does not require a plaintiff to set out in detail the facts upon which the claim is based. His motion argues that his complaint alleges that Defendants Woosley and Wilson had notice of and personally ignored Plaintiff's needs for medical treatment by way of normal business operations of GCDC and that his memorandum in support of his complaint also stated categorically that they were not being sued under the theory of *respondeat superior*.

The Court did not dismiss Plaintiff's claims against Defendants Woolsey, Wilson, and the unnamed defendants for failure to comply with Rule 8.[1] The Court dismissed based on § 1915A, which requires the Court to review a complaint seeking redress from a governmental entity, officer, or employee and dismiss the civil action if, among other things, it fails to state a claim upon which relief may be granted. At most, Plaintiff's complaint alleged that Defendants Woosley, Wilson, and the unnamed nurses delayed his treatment, not denied it, because it appears from the complaint that Plaintiff eventually received the Epley maneuver, the treatment that Plaintiff wants.

The allegations in the complaint establish that Plaintiff was treated by multiple doctors, nurses and specialists for his vertigo. Plaintiff was seen by a neurologist less than six weeks after the attack by the other inmate and that that neurologist diagnosed him with Benign

---

[1] Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Paroxysmal Positional Vertigo (BPPV) and prescribed medicine. After he complained that he was still having vertigo, a nurse treated him for another ear infection and referred him to an in-house doctor, who referred him back to the neurologist.

Plaintiff again went to sick call and again was diagnosed with an ear infection. Two weeks later, he went to sick call where Nurse Wilson asked what more he wanted. In a meeting with Deputy Jailer Woosley, Plaintiff complained about the treatment he had received from Nurse Wilson, and the Deputy Jailer asked him what he would like to have done to cure his vertigo. Plaintiff stated that he wanted a second opinion and that he had been told he might benefit from seeing an ENT. The next day, Plaintiff saw a nurse practitioner in a doctor's office; he received an eye examination and a hearing test.

In January 2008, Plaintiff was sent to Twin Lakes Medical Center for rehabilitation, where he was put through the "Epley Maneuver,"[2] which he was told by a therapist would take up to eight times to completely alleviate his symptoms. He was given a neck support for 48 hours to help complete the Epley Maneuver and an extra mat he asked for because the Epley Maneuver required sleeping at a 45-degree angle. It appears from Plaintiff's complaint that Plaintiff agrees that the Epley maneuver was the correct treatment but that Plaintiff contends that it was discontinued too soon. However, it is also clear from Plaintiff's complaint that the reason that Plaintiff did not receive any more Epley maneuver treatments was due to the U.S. Marshal's Office, not Defendants.

Thus, at most Defendants delayed the start of his Epley maneuvers. An inmate who

---

[2] According to www.webmd.com, an Epley maneuver is an exercise used to treat BPPV. It is done with the assistance of a health professional or physical therapist, and a "single 10- to 15-minute session usually is all that is needed."

argues that a delay in medical treatment amounted to an Eighth Amendment violation "'must place verifying medical evidence in the record to establish the detrimental effect of the delay.'" *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001) (citation omitted). Plaintiff has not done so.

To the extent that he is arguing that Defendants are responsible for stopping his physical therapy, his claim also fails. The allegations in his complaint are clear that it was the U.S. Marshal's Office which was responsible for "disallowing" Plaintiff to continue with physical therapy.

In short, Plaintiff's motion restates his original claims. Accordingly, this motion is only "an expression of a view of the law contrary to that set forth in the Court's opinion. Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Darken v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977). Plaintiff has offered nothing here to demonstrate that this Court's opinion was not factually supported or legally justified given the facts as presented in his complaint.

Regarding Defendant Dennison, Plaintiff states in his Rule 59(e) motion that after reading the Court's analysis regarding his suit against Defendant Dennison in his official capacity he would like to ask for the right to amend pursuant to the Federal Rules of Civil Procedure. He also asks to amend his complaint to add as a defendant the U.S. Marshal's Office regarding the continuation of his physical therapy.

Following the entry of a final judgment, a party may not seek to amend the complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60. *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002); *see also Harris v. City of Auburn*, 27

F.3d 1284, 1287 (7th Cir. 1994) ("[T]he presumption that leave to amend shall be freely given pursuant to Rule 15(a) disappears after judgment has been entered."). As discussed above, Plaintiff has not demonstrated grounds for granting his Rule 59 motion. Therefore, his requests to amend his complaint must be denied.

    **IT IS ORDERED** that Plaintiff's motion (DN 14) is **DENIED**.

    Plaintiff also has filed a motion to appoint counsel (DN 15). That motion is **DENIED as moot**.

Date:


cc:    Plaintiff, *pro se*
       Defendants
       Grayson County Attorney
4414.009